## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW PERRONG** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **TIMESHARE HELP SOURCE, LLC** | : | NO. 2:22-cv-0185 |
| | : | |
| Defendant | : | |
| | : | |

## DEFENDANTS MOTION TO DISMISS FOR LACK OF
## IN PERSONAM JUSRISDICTION AND IMPROPER VENUE

Defendant Timeshare Help Source, LLC ("THS" or "Defendant"), pursuant to Federal Rules of Civil Procedure 12(b)(3), 20, and 21, by and through its attorney, Arthur D, Goldman, Esquire, hereby requests that the Honorable Court dismiss this case for lack of subject matter jurisdiction and improper venue, or alternatively that it be transferred to the United States District Court for the Eastern District of Missouri. In support hereof, the Defendant states as follows:

**I.       Background**

The Plaintiff Andrew Perrong alleges that Timeshare Help Source, a Colorado Company, made unsolicited telemarketing calls to his residential telephone number which is listed on the National Do Not Call Registry.  Based on the face of the complaint, it must be dismissed or transferred to the Court of proper venue, in that no Defendant is within the immediate jurisdiction or venue of this Court.

## II.   Venue is improper in the Eastern District of Pennsylvania or in the Alternative, the Case Should be Transferred to the United States District Court for the Eastern District of Missouri

### A.  Improper Venue.

It is axiomatic that venue in the District Court of Pennsylvania is improper. Venue for this action is governed by 28 U.S.C. 1391(b), which provides in relevant part:

(b) Venue in general. – A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …

In the instant case, the Plaintiff did not bring this action in "a judicial district in which any defendant resides" because the Defendants are not residents of Pennsylvania. According to Plaintiff's Complaint, the Defendants reside in states other than Pennsylvania. [ECF No. 1, p. 3]. Time Share Help Source, for example, is incorporated in Colorado, with its principal place of business in Colorado Springs, Colorado. THS likewise has an office in Missouri, with its principal place of business in St. Louis, Missouri. Furthermore, all the relevant and material witnesses to this matter reside outside the jurisdiction of this Court, and it will inflict great financial hardship for them to appear, thereby depriving the Defendant of proper access to the Court and a defense. By contrast, the Plaintiff is the only party to this suit at the present time and as a recreational litigant, this should not inflict any hardship, whatsoever, to make appearances in the United States District Court for the Eastern District of Missouri. Thus, the venue of this case should be moved to the United States District Court of the Eastern District of Missouri.

Plaintiffs' claim for venue in the Eastern District of Pennsylvania is based on a threadbare allegation that "all the calls at issue were made into this district." [ECF No. 1, p. 3]. Even assuming arguendo the veracity of Plaintiffs' claim, its venue-related allegation that "the calls were made into this District," is insufficient to survive a challenge for dismissal or for a change of venue. Indeed, the Plaintiff has made no specific allegations that any events occurred in the Eastern District of Pennsylvania by THS, or that the alleged callers resided in Pennsylvania when the calls were allegedly made. The Plaintiff's most detailed allegation, which is false on its face, concerns Time Share Help Source's alleged use of auto dialers to generate leads and accesses phones on the no call list in violation of the TCPA. [ECF No. 1, pp. 4]. The Plaintiff opines that "Defendants operate websites that are freely accessible from Pennsylvania and target consumers in the State of Pennsylvania." [ECF No. 1, p. 3]. Federal Courts have held that advertising on a website, like that complained of on Time Share Help Source's website, is insufficient to establish venue. *Glazier Grp., Inc. v. Mandalay Corp.*, No. CIV. A. H-062752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007). Further, a defendant's "mere affiliation with [a] website is insufficient to support a finding of a substantial connection..... for purposes of venue under 1391(b)(2) ." *Texas Roadhouse, Inc v. Texas Corral Restaurants, Inc.*, No. 1:13-CV-882, 2016 WL 232407, at *3 (W.D. Mich. Jan. 20, 2016). Thus, the Complaint fails to make sufficient allegations to establish that venue is proper in the Eastern District of Pennsylvania and must be dismissed forthwith.

## B. <u>Forum Non Conveniens.</u>

In analyzing the issue of proper venue in the context of the federal doctrine of *forum non conveniens*, courts have looked to various factors relating to the private interest of the litigants

and the public interest in the fall and efficient administration of justice. *See, Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1988). These factors include:

- The convenience of the witnesses;

- The location of relevant documents and the relative ease of access to sources of proof;

- The convenience of the parties;

- The locus of operative facts;

- The availability of process to compel the attendance of unwilling witnesses;

- The costs of obtaining attendance of witnesses;

- The relative means of the parties;

- A forum court's familiarity with the governing law;

- The weight accorded a plaintiff's choice of forum;

- Trial efficiency and the interests of justice;

- Possibility of affording the trier of fact an opportunity to view the location of the actions giving rise to the claim;

- The practical problems that make trial of a case easy, expeditious and inexpensive;

- The congestion of the dockets of the relevant district courts; and

- The desire not to impose the burden of jury service on the people of a community which has no relation to the litigation.

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S, 49, 62 n.6 (2013); *Stewart Org., Inc. v. Ricoh, Inc.*, 487 U.S. 22, 30 (1988); *Manuel v. Convergys Corp.*, 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005) (*citing Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.

Supp. 993, 996 (S.D.N.Y. 1990)); *P & S Bus. Mach., Inc. v. Canon USA, Inc.*, 331 F. 3d 804, 807-08 (11th Cir. 2003).

"Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co., Inc.*, 571 U.S. at 60; *Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (noting that 1404(a) provides for transfer of a case "when a sister federal court is the more convenient place for trial of the action"). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). There "is a 'long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. 1404(a) '"'" *Tazoe v. Airbus, S.A.S.*, 631 F. 3d 1321, 1336 (11th Cir. 2011).

In considering a motion to dismiss for *forum non conveniens*, as with a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), a court must accept the facts in a plaintiff's complaint as true, "to the extent they are uncontroverted by the defendants' affidavits." *Hindi v. BirdEye, Inc.*, 19 -CV-61201, 2019 WL 4091425, at *2 (S.D. Fla. Aug. 29, 2019); citing *S & Davis Int'l Inc. v. Republic of Yemen*, 218 F. 3d 1292, 1303 (11th Cir. 2000). A court may "consider matters outside the pleadings if presented in proper form by the parties" in ruling on a motion to dismiss for *forum non conveniens*. *MGC Commc'ns, Inc. v. BellSouth Telecomms v. Cahaba Disaster Recovery, LLC*, 534 F. App'x 826, 829-30 (11th Cir. 2013) (affidavit in support of motion to dismiss for *forum non conveniens* properly considered); *Webb*

*v. Ginn Fin. Servs.*, 500 F. App'x 851, 854 (11ᵗʰ Cir. 2012) (consideration of evidence outside the pleadings was appropriate on Rule(b)(3) motion).

Virtually all the above factors favor venue lying in the Eastern District of Missouri for TimeShare Help Source. TimeShare Help Source's employees, who will almost be certainly called as witnesses, reside in and around St. Louis Missouri, and in Colorado Springs, Colorado. All of TimeShare Help Source's voluminous documents and records relevant to this case, which will be evidence at any trial in this matter, are maintained in TimeShare Help Source's headquarters at 1610 Des Peres Road, St. Louis, Missouri 63131, and 525 N. Cascade Ave, in Colorado Springs, Colorado. With access to TimeShare Help Source's headquarters, a trier of fact would be afforded an opportunity to view the location of the actions allegedly giving rise to the claim.

A court must also consider a plaintiff's choice of forum. *See, Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Nevertheless, "the degree of deference given to a plaintiff's forum choice varies with the circumstances." *Iragorri v. United Techs. Corp.*, 274 F. 3d 65, 71 (2d Cir. 2001). In a case "[w]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods, Inc.*, 617 F. Supp.8, 10 (S.D. Fla. 1985); see also *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979) (noting that "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts"). For the reasons outlined above, none of the operative facts underlying the Plaintiff's claims occurred in the Middle District of Pennsylvania, they occurred in Missouri or Colorado. Thus, the Plaintiff's choice of forum is entitled to "less than normal deference."

When venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could been brought." 28 U.S.C. 1406(a); *see, Wright v. Miranda*, 740 F. App'x 692, 693 (11ᵗʰ Cir. 2018). Furthermore, 28 U.S.C. 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S. C. 1404(a). Given the above, if this Court does not see fit to dismiss TimeShare Help Source as a defendant, it should transfer the cause to the federal court for the Eastern District of Missouri.

### III.    Conclusion

TimeShare Help Source should therefore be dismissed as a defendant to this action. Alternatively, it is elementary that venue is improper in the Eastern District of Pennsylvania. The cause regarding Timeshare Help Source should be transferred to the Eastern District of Missouri where the Defendant,  a myriad witnesses reside and are employed.

WHEREFORE, the Defendant respectfully requests that this Court dismiss this case, and THS demands judgment against the Plaintiff along with costs, attorney's fees, or alternatively, that this case be transferred to the United States District Court for the Eastern District of Missouri, and such other relief as this Court deems appropriate.

Respectfully submitted,

Arthur D. Goldman, Esquire
Atty. I.D. 56983
P.O. Box 115
Paoli, PA 19301
(484). 343-2856
Attorney for Defendant

Dated: May 3, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, Defendant's Motion to Dismiss or Lack of Venue has been served upon the following persons by the following means:

### VIA ELECTRONIC FILING AND FIRST CLASS MAIL

Jeremy C. Jackson
Bower Law Associates, PLLC
403 South Allen Street
Suite 210
State College, PA 16801

Arthur D. Goldman, Esquire
Atty. I.D. 56983
P.O. Box 115
Paoli, PA 19301
(484). 343-2856

May 3, 2022