IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMESHARE HELP SOURCE, LLC<br><br>Defendant. | Civil File No. 2:22-cv-1085 |

**PLAINTIFF'S OPPOSITION TO MOTION TO DIMSISS**

The Plaintiff Andrew Perrong files his response to the defendant Timeshare Help Source, LLC's ("Defendant" or "Timeshare Help") motion to dismiss. The motion should be denied in total on two grounds.[1]

*First,* by filing an answer (ECF No. 6) two weeks prior to filing this motion to dismiss (ECF No. 10), Timeshare Help has unequivocally waived its right to contest venue under Fed. R. Civ. P. 12(h) and binding Third Circuit case law.

*Second,* as courts around the country have found venue to be proper in the forum where a plaintiff receives unwanted telemarketing calls, and Timeshare Help bases its argument to "dismiss" the venue based on allegations that the Plaintiff simply does not make, the motion

---

[1] As an initial matter, the Defendant has filed its Motion to Dismiss "pursuant to Federal Rules of Civil Procedure 12(b)(3), 20, and 21". Federal Rules of Civil Procedure 12(b)(20) or 12(b)(21) don't exist. Moreover, Federal Rules of Civil Procedure 20 and 21 relate to Permissive Joinder of Parties and Misjoinder of Parties, which doesn't appear to be relevant to the requested relief.

1

should also be denied.

For the reasons discussed below, the motion should be denied.

## BACKGROUND

In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).  The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*  The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Plaintiff Andrew Perrong alleges that Timeshare Help Source made unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry. *See* ECF No. 1. Mr. Perrong received multiple telemarketing calls from the defendant on March 10, 2022. *Id.* During one of those calls, a "Lexi" provided detailed information regarding why Timeshare Help Source was calling consumers to promote their services. "Lexi's" solicitation culminated in her invitation to Mr. Perrong to attend a lunch event the Defendant was hosting to other individuals it had made telemarketing calls to. During this lunch, the Defendant's

services were going to be further promoted. *Id.*

Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls, currently defined below:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

*Id.*

## ARGUMENT

**1. Timeshare Help Source has Waived its Objections to Venue**

Federal Rule of Civil Procedure 12(h) provides that the defense of improper venue is waived unless asserted in a pre-answer motion under Rule 12. *See* Fed. R. Civ. P. 12(h)*; see also Dangel v. Northwood/Nat'l Provider Network, L.L.C. (In re Beckett Healthcare, Inc.),* Nos. 00-34701DWS, 03-0273, 2004 Bankr. LEXIS 265, at *5-7 (Bankr. E.D. Pa. Feb. 24, 2004). Once venue is waived, even by mistake of law, it may not be reasserted. *United Rubber, etc. v. Lee Rubber & Tire Corp.,* 269 F. Supp. 708, 714 (*citing Davis v. Smith,* 253 F.2d 286, (3d Cir. 1958)). The rationale underpinning Rule 12(h) was articulated by the *Dangel* court as follows:

> The policy underlying Rule 12(h) stems from the judicially recognized principle that 28 U.S.C. § 1391 vests a defendant with a privilege, rather than a right, to attack a claim on the grounds of improper venue, and privileges, unlike inalienable rights, can be lost if not asserted in a timely fashion. [citation omitted]. In addition, Rule 12(h) "… serves the purpose of early and expeditious determination of whether the court should proceed further with the action."

*Id. citing South Seas Catamaran, Inc. v. Motor Vessel "Leeway",* 120 F.R.D. 17, 20 (D.N.J. 1988). Indeed, the Third Circuit Court of Appeals has noted on more than one occasion that the strong policy to conserve judicial time and effort requires that "preliminary matters such as defective service, personal jurisdiction and venue should be raised and disposed of before the court considers the merits or quasi merits of a controversy." *Wyrough & Loser, Inc. v. Pelmor Labs, Inc.,* 376 F.2d 543, 547 (3d Cir. 1967); *accord Bel-Ray Company, Inc. v. Chemrite (PTY) Ltd.,* 181 F.3d 435, 443 (3d Cir. 1999).

Here, the Plaintiff's complaint asserts proper venue in the jurisdiction he received telemarketing calls from the Defendant. Defendant's Answer does not contest venue, includes no factual averments in its answer concerning improper venue, nor did Timeshare Help Source opt for the alternative procedure for raising this affirmative defense by filing a motion under Rule 12(b). Accordingly, application of Federal Rule 12(h) dictates the outcome of this Motion. The defense of improper venue has been waived.

Moreover, Defendant's conduct after the pleadings were joined further support this result. After filing its answer, it participated in discovery by conducting the 26(f) conference and it has served discovery. It was not until after that discovery was served (and the Plaintiff served discovery of his own) that that Defendant first asserted improper venue in a pleading filed.

## 2. The Defendant's "Motion to Dismiss for *Forum Non Conveniens*" should also be Denied.

The Defendant also labels its motion as one to "dismiss for *forum non conveniens*". *See* ECF No. 10 at * 5. However, courts around the country have found venue to be proper in the district where the Plaintiff received a telemarketing communication that is alleged to have

4

violated the TCPA. *See Fitzhenry v. Guardian Prot. Servs.,* No. 16-1253, 2016 U.S. Dist. LEXIS 155340, at *3-4 (W.D. Pa. Nov. 9, 2016) ("The proper venue for this action is the District of South Carolina where Mr. Fitzhenry received the alleged phone call and did not provide consent. District courts find proper venue where the alleged injury occurred which, in a TCPA action, is where the telephone call was received."); *Sapan v. Dynamic Network Factory, Inc.*, No. 13-1966, 2013 U.S. Dist. LEXIS 192266, 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013) ("venue is proper in the district where [plaintiff] resides because the injury did not occur when the phone call was allegedly *made* from the Northern District; it occurred when the [phone call] was *received* in the Southern District."); *Brown v. Account Control Tech., Inc.*, No. 13-62765, 2014 U.S. Dist. LEXIS 188807, 2014 WL 11706429, at *3 (S.D. Fla. Mar. 28, 2014) (finding venue proper where the plaintiff received the telephone call); *Lary v. Doctors Answer, LLC*, No. 12-3510, 2013 U.S. Dist. LEXIS 32148, 2013 WL 987879, at *5 (N.D. Ala. Mar. 8, 2013) ("venue is proper in the district where [plaintiff] resides because the injury did not occur" when the facsimile was *sent* from New Jersey; it occurred when "the [facsimile] was *received*" in Alabama.)

Indeed, the Plaintiff's complaint explains how the conduct alleged in this case occurred in Pennsylvania in his complaint, including (a) Timeshare Help Source made telemarketing calls to his residential telephone number in Pennsylvania (ECF No. 1 at ¶ 3) (b) Timeshare Help Source's telemarketing campaign made calls into this District (*Id.* at ¶ 7; ¶ 9) (c) Timeshare Help Source invited the Plaintiff do a luncheon in Pennsylvania as a result of the telemarketing call (*Id.* at ¶ 23-24).

The Defendant's motion correctly notes that "a court must accept the facts in a plaintiff's

5

complaint as true 'to the extent they are uncontroverted by the defendants' affidavits." *See* ECF No. 10 at * 5. Notably, the Defendant did *not submit any affidavits* in support of its position or controverting the facts of Mr. Perrong. Despite that, it claim that most of the evidence in the Defendant's possession in this case is located in Missouri or Colorado. Indeed, by the Defendant's own admission, there is no central location where the Defendant's telemarketing occurred. Moreover, the defendant has failed to identify any specific documentary evidence not stored in an electronic format, which will make litigating in this forum easy.

Defendant's arguments against Mr. Perrong's choice of venue also appear to be misdirected or misconstrued from another lawsuit. The Defendant claims that Mr. Perrong's complaint bases venue upon the allegations that "Defendants operate websites that are freely accessible from Pennsylvania and target consumers in the State of Pennsylvania." *See* ECF No. 10 at *3 *citing* "ECF No. 1, p. 3]". However, *the Plaintiff's complaint makes no such allegations.* Of course, if the Defendant is disputing that this forum is appropriate based on allegations the Plaintiff simply didn't make, the motion should be denied.

## CONCLUSION

For the foregoing reasons, the Defendant's motion should be denied.

Respectfully submitted,

*/s/ Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018

6

anthony@paronichlaw.com
*Pro Hac Vice*

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorneys for Plaintiff and proposed class*

Dated: May 5, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 22, I electronically served the foregoing through the Court's CM/ECF System, which send the same to counsel of record for the Defendant.

*/S/ Anthony I. Paronich*