## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW PERRONG** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 2:22-cv-0185 |
| **TIMESHARE HELP SOURCE, LLC** | : | |
| | : | |
| Defendant | : | |
| | : | |

## DEFENDANT'S REPONSE TO PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY RESPONSES

Defendant Timeshare Help Source, LLC ("THS" or "Defendant") by and through its

attorney, hereby responds to the Motion to Compel Discovery Responses of Plaintiff Andrew

Perrong ("Perrong" or "Plaintiff") as follows:

1.      Andrew Perrong, a widely publicized and noted serial Plaintiff, who has filed

approximately 98 federal lawsuits in the past three years, falsely alleges that Timeshare Help

Source made unsolicited telemarketing calls to _his_ residential telephone number that is listed

on the National Do Not Call Registry.

2.      The Plaintiff served discovery on Defendant following the Rule 26(f)

conference on April 27, 2022.

3.      THS, in good faith, has responded to the Plaintiff's requests with some

objections, and provided 880 pages of discovery, including the investigatory results which

uncovered the breadth and nature of Perrong and his spouse's scheme to exploit the TCPA

and attack innocent companies for financial gain through myriad lawsuits. Upon information

and belief, Mrs. Perrong registers the phone number and the Perrongs' email address online

with marketing firms under several alias' where it is sold on the open lead market, and when

called, Plaintiff files suit.[1] See Defendant's Exhibit's 1 through 7, attached hereto, Bates Numbers 1-880.

4.    Contrary to Plaintiff's eloquent obfuscations, the undersigned counsel has provided draft and continuing discovery responses, emailed, and conferred a number of times with opposing counsel, as well as presented Perrong with a settlement offer. See Plaintiff's Exhibit 8; See also Bates pp. 1 – 880.

5.    The documents sought are not required for the litigation, but are speculative, propounded to engage in a fishing expedition, and are calculated to vex and overly burden the Defendant, in violation of the letter and spirit of discovery. Indeed, Plaintiff's requests are speculative and only tangentially related to his claims, and this Court should not permit Plaintiff to engage in a fishing expedition on such a basis. Blankenship v. Fox News Network, LLC, United States District Court, S.D. West Virginia, Charleston Division, Slip Copy 2020 WL 9718873 (September 21, 2020).

6.    In continuing good faith, THS disclosed all phone records in its possession, custody, and control, which is part of what is requested by the Plaintiff's first set of discovery, and will continue to supplement its discovery responses as relevant, material, and nonprivileged documents are discovered or become available. See Exhibit 7, Bates 876 through 880.

7.    The designated individual for Defendant responsible for verifying discovery responses is currently in Uzbekistan under a COVID lockdown and unable to finalize Defendant's discovery responses; nevertheless, in an abundance of good faith, Defendant has provided Plaintiff with its draft response to facilitate the process. Defendant intends to produce final, verified versions this week.  See Exhibit 8.

---

[1] Timeshare Help Source also served Perrong with several discovery requests, albeit beyond providing his recordings and a redacted excel spreadsheet which is devoid of any material information, including his phone carrier, refused to answer questions or provide meaningful discovery, vexing discovery efforts of THS and causing it to incur unnecessary costs of counsel and litigation paralegals to investigate Plaintiff, This will be more fully discussed in the Defendants Motion to Compel Discovery and Motion to Dismiss, which is being drafted contemporaneously herewith.

8.      In contrast, Plaintiff has not provided a single supplemental disclosure since the onset of discovery, causing the Defendant to incur substantial prejudice and costs, and has provided less than 15 pages of total discovery.

9.      Defendant reserves the right to supplement this response in advance of the scheduled hearing on this matter scheduled for June 30, 2022.

WHEREFORE, Defendant respectfully requests this Court to deny the Plaintiff's Motion to Compel with costs against Plaintiff, and for such further relief.

Respectfully submitted,

Arthur D. Goldman, Esquire
Atty. I.D. 56983
P.O. Box 115
Paoli, PA 19301
(484). 343-2856
Attorney for Defendant

Dated: June 21, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2022, Defendant's Response to Plaintiff's Motion to Compel Discovery has been served upon the following persons by the following means:

**VIA ELECTRONIC FILING AND FIRST CLASS MAIL**

> Jeremy C. Jackson
> Bower Law Associates, PLLC
> 403 South Allen Street
> Suite 210
> State College, PA 16801

**WITH A COPY TO:**

> Anthony Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> anthony@paronichlaw.com

Arthur D. Goldman, Esquire
Atty. I.D. 56983
P.O. Box 115
Paoli, PA 19301
(484). 343-2856

June 21, 2022