IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMESHARE HELP SOURCE, LLC<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil File No. 2:22-cv-1085 |

**DEFENDANTS RESPONSE AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF DISCOVERY TO
<u>TIMESHARE HELP SOURCE, LLC</u>**

Comes Now the Defendant, Timeshare Help Source, and for its response and objections to plaintiff requests for discovery states and objects as follows:

**<u>INTERROGATORIES</u>**

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER**: Objection, irrelevant, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege. Objection assumes facts not in evidence, it is irrelevant, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is proprietary. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering, and without waiver of the above objection, the defendant does not own a "dialer," and does not make any calls within the scope or overly broad meaning or interpretation of this interrogatory, nor does it have within its employment any such people.

2. Identify all employees involved in making outbound calls promoting your services utilizing a dialer that requires a computer. This includes, but is not limited to, any calls made to acquire new customers.

**ANSWER:** Objection, assumes facts not in evidence, this interrogatory is also irrelevant, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is proprietary. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering, and without waiver of the above objection, the defendant does not own a "dialer," and does not make any calls within the scope or overly broad meaning or interpretation of this interrogatory, nor does it have within its employment any such people.

3. Identify and describe the work of each employee.

**ANSWER**: Objection, assumes facts not in evidence, this interrogatory is also irrelevant, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is proprietary. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering, and without waiver of the above objection, the defendant nor does it have within its employment any such people.

4. Identify all vendors involved in making outbound calls promoting your services utilizing a dialer that requires a computer. This includes, but is not limited to, any (a) companies that supply telephone numbers to you for calling (b) any third-party companies you use to make the calls and (c) any dialing systems that are used to make the calls.

5. A**NSWER:** Objection, assumes facts not in evidence, it irrelevant, vague and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information

protected by attorney/client privilege and is proprietary. Additionally, this interrogatory is compound in nature in violation of the Federal Rule 33. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering, and without waiver of the above objection, the defendant nor does it have within its employment any such people, nor does it own an auto dialer and or computer system capable of making such calls.

     6.     Identify and describe the work of each vendor.

     **ANSWER**: See objection to interrogatory 4(a)(b)(c)


     7.     Identify all third parties or sub-vendors used by your vendors for you.

     **ANSWER:** Objection, assumes facts not in evidence, it irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is proprietary. Additionally, this interrogatory is compound in nature in violation of the Federal Rule 33. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering, and without waiver of the above objection, the defendant nor does it have within its employment any such people, nor does it own any vending machines.

     8.     Identify each employee or vendor of yours that called the Plaintiff.

     **ANSWER**: Objection, assumes facts not in evidence, it irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is proprietary. Additionally, this interrogatory is compound in nature in violation of the Federal Rule 33. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering,

and without waiver of the above objection, the defendant nor does it have within its employment any such people who called the plaintiff, nor does it own any vending machines.

9. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:** Perhaps the Plaintiff should listen to his alleged and unauthenticated recordings, where he is inviting the caller to call him back and confirm the reservation that he made to attend the alleged event. As a matter of courtesy, we will provide the Plaintiff with a copy of his own recording.

10. Identify your company's relationship with any company that provided you with the Plaintiff's information or information related to the Plaintiff's telephone number.

**ANSWER:** Objection, assumes facts not in evidence, it irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is proprietary. Additionally, this interrogatory is compound in nature in violation of the Federal Rule 33. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering, and without waiver of the above objection, nor does the defendant have within its employment anyone who called the plaintiff.

11. State all facts in support of any affirmative defenses you have raised.

**ANSWER**: Objection, assumes facts not in evidence, it irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product, and is proprietary. Additionally, this interrogatory is overly broad and burdensome. In further answering, and without waiver of the

above objection, the affirmative defenses speak for themselves. The Plaintiff is a recreational litigant who puts his name and phone number on the internet and waits for people to call him so he can sue them. Then, once he baits honest companies with this charade, he invites them to call back to add additional counts to his litigation. This is self-evident in Plaintiff's recordings. Oddly nor does the defendant have within its employment anyone who called the plaintiff.

12. In response to which (if any) requests for production in this case have you produced no responsive documents?

**ANSWER:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege. Additionally, this interrogatory is compound in nature in violation of the Federal Rule 33. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. In further answering, and without waiver of the above objection, nor does the defendant have within its employment anyone who called the plaintiff.

## DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and entails work product. Additionally, this is compound in nature in violation of the Federal Rules of Discovery. The Defendant further objects that this interrogatory is compound in nature and is overly broad and burdensome.

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is work product subject to the applicable protection and exclusion. Furthermore, the Defendant is unable to provide all the requested documents because the Plaintiff refused to produce all of his recreational litigation activities. The Defendant likewise objects that this interrogatory is compound in nature and is overly broad and burdensome. See Federal Pacer for the Plaintiff's recreational litigation activities, which is public information.

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or calls to your plaintiff.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is work product subject to the applicable protection and exclusion. Furthermore, the Defendant is unable to provide all the requested documents because the Plaintiff refused to produce all of his recreational litigation activities and in fact has failed to produce single document beyond a fabricated/created partial excel spreadsheet which does not even identify the phone carrier. The Defendant likewise objects that this request is compound in nature and is overly broad and burdensome.

4. Please produce all documents relating to any failure by an employee or a vendor to abide by your policies relating to the sending of outbound calls.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information

protected by attorney/client privilege and is work product subject to the applicable protection and exclusion. Furthermore, the Defendant objects that this request seeks information which is contained in personnel files of persons not party to this suit and therefore are private. Finally, there are no outbound marketing type calls being made by Timeshare Help Source employees.

5. Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is work product subject to the applicable protection and exclusion. Furthermore, the Defendant objects that this request seeks information which is contained in personnel files of persons not party to this suit and therefore are private. Finally, there are no outbound marketing type calls being made by Timeshare Help Source employees. Without waiver of objection, no such documents are known to exist. If they are discovered in the future, this response will be supplemented.

6. All contracts or documents representing agreements with any vendors that provided you the phone number of putative class members or the Plaintiff.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege and is work product subject to the applicable protection and exclusion. Furthermore, the Defendant objects that this request seeks information which is

contained in personnel files of persons not party to this suit and therefore are private and subject to confidentiality. Finally, there are no outbound marketing type calls being made by Timeshare Help Source employees.

7. All communications with any vendors that provided you the phone number of putative class members or the Plaintiff regarding telephone number acquisition.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality. Finally, the Defendant does not own any vending machines.

8. All communications with any third parties that you have a relationship with that makes calls for you regarding outbound calls or customer origination.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered.

9. All communications with any vendor that physically dialed calls to the Plaintiff regarding outbound calls or customer origination.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, or when, relevant documents are discovered.

10. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end,

the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered. At this time, no such policy is known to exist by the undersigned. If or when such a policy is discovered, this answer will be supplemented.

11. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered.

12. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

   a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

   b) obtaining or verifying prior express consent;

      c)   complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

*RESPONSE:* Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered.

    13.     Please produce a copy of your Do Not Call list, including the date(s) each telephone number was added to the Do Not Call list.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered.

    14.     Please produce all documents containing any of the following information for each outbound call made using a computer sent by you or your vendors:

a) the date and time;

b) the caller ID;

c) any recorded message or dialing system used;

d) the result;

e) identifying information for the recipient; and

f) any other information stored by the call detail records.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information no germane to Plaintiff's allegations and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered.

15. All communications with any third party concerning this litigation.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. In further answering, and without waiver of objection, no such documents are known to be in existence at this time. To that end,

the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered.

16.     To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad and unduly burdensome. Additionally, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered, or the Plaintiff actively participates in discovery. Finally, this request seeks information on the internet and is public information for which there is equal access.

17.     For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

**RESPONSE:** Objection, assumes facts not in evidence, it is irrelevant, vague, and ambiguous, not calculated to lead to the discovery of admissible evidence, and seeks information protected by attorney/client privilege, is work product subject to the applicable protection and exclusion, and seeks information that is proprietary. Furthermore, the Defendant objects that this

request seeks information of persons not party to this suit and therefore are private and subject to confidentiality, it is overly broad, and unduly burdensome. Additionally, and without waiver of objection, no such documents are known to be in existence at this time. To that end, the Defendant reserves the right to supplement this response if, and when, relevant documents are discovered, or the Plaintiff actively participates in discovery. Finally, this request seeks information on the internet and is public information for which there is equal access.

                                        Respectfully submitted,

                                        _____
                                        Arthur D. Goldman, Esquire
                                        Atty. I.D. 56983
                                        P.O. Box 115
                                        Paoli, PA 19301
                                        (484). 343-2856
                                        agoldman@arthurgoldmanlaw.com
                                        Attorney for Defendant

Dated: June 10, 2022