IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMESHARE HELP SOURCE, LLC<br><br>Defendant. | Civil File No. 2:22-cv-1085 |

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
REGARDING DEFENDANT'S FAILURE TO COMPLY
WITH THIS COURT'S APRIL 5, 2022 ORDER**

On June 30, 2022 the Plaintiff Andrew Perrong filed a motion to compel in this putative class action for making telemarketing calls to numbers on the National Do Not Call Registry that violate the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"). This Court granted the motion, in part:

> Defendant shall respond to Plaintiff's discovery requests and produce documents responsive to Plaintiff's requests. To the extent that information and responsive documents, including call records, are controlled by or in the possession of Defendant's third-party vendors, Defendant shall obtain such documents and information and produce them to Plaintiff.

*See* ECF No. 26 at *1. The Plaintiff requires these records in order to support his motion for class certification, as the parties discussed during the hearing. The Defendant has not complied with this Court's Order, and does not appear to have attempted to comply.

This Order was entered on June 30, 2022. On July 18, 2022 counsel for the Plaintiff conferred with counsel for the Defendant regarding (a) production of the required materials and (b) correspondence regarding those efforts, which are also responsive to the Plaintiff's discovery

requests.

Timeshare Help Source did not provide any documents or assert that any exist. Instead, they made another reference to the apparent Chapter 7 Bankruptcy that they intend to file. However, without such a filing, Timeshare Help Source cannot excuse itself from its obligations with the Court.

Indeed, even with such a filing, this information is still relevant to the potential officer liability for the company. Under the TCPA, an individual such as Dan Human and other officers of the Defendant may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

*See* 47. U.S.C. § 217 (emphasis added).

"Courts that have addressed the personal liability issue have concluded that individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, No. 1:10-cv-253, 2012 U.S. Dist. LEXIS 85663, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012); *see also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) (reasoning, in pertinent part, that "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Balt.-Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 745 (D. Md. 2008) (observing that if the defendants "actually committed the conduct that violated the TCPA, and/or . . . actively oversaw and directed the conduct," they could be held

individually liable for the statutory violations). Attempting to avoid this litigation through bankruptcy is a perfect example of why the TCPA has individual officer liability.

Furthermore, this information could identify which corporate entity of the Defendant was involved in the illegal conduct. Less than a month ago, the Missouri AG brough an action against the Defendant and several related entities for their practices. *See* https://newstalkkzrg.com/2022/06/27/missouri-a-g-files-suit-against-st-louis-area-timeshare-exit-busineses/ (Last Visited July 23, 2022).

Timeshare Help Source must be taken to account for its refusal to meaningfully participate in this litigation.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
E-mail: anthony@paronichlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, hereby certify that on July 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Anthony I. Paronich*
Anthony I. Paronich