# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW PERRONG** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 2:22-cv-0185 |
| **TIMESHARE HELP SOURCE, LLC** | : | |
| | : | |
| Defendant | : | |
| | : | |

## OBJECTIONS TO THE COURT ORDER BY DAN HUMAN FOR LACK OF IN PERSONAM JURISDICTION AND THE DOCTRINE OF FORUM NON CONVENIENS IN THE FORM OF A MOTION TO STRIKE AND RENEWED MOTION TO DISMISS OR TRANSFER ON THE BASIS OF VENUE

Dan Human, by and through Attorney Arthur Goldman Esquire, and hereby objects to this Court's Order of July 19, 2022 requiring his appearance in a this Court on August 2, 2022, herein and moves this Court for the following reasons:

### I.       Background

The Plaintiff Andrew Perrong alleges that Timeshare Help Source (THS), a Colorado Limited Company, made a couple of unsolicited telemarketing calls to his residential telephone number which is listed on the National Do Not Call Registry.  The Plaintiff does not allege, nor can he, that Dan Human, a non-party to this litigation, made or directed these calls to be made to Mr. Perrong. Throughout the litigation the Court has issued Orders to compel employees or officers to attend hearings, with the most recent being the July 19, 2022 order, directing Dan Human, a former THS employee, to travel more than 100 miles from his residence at substantial cost to himself personally to attend the August 2, 2022 hearing. Mr. Human objects

to this order as unenforceable and outside the Court's jurisdiction under Fed.R.Civ.Proc.

45(c)(1), et seq.

## II.     Non-Party Dan Human

a.     Dan Human is not a party to the above litigation. See Response to the Court Order by Dan Human at ¶ 1, attached hereto as Exhibit "A.".

b.     Dan Human is no longer employed by Timeshare Help Source and is not a corporate officer. Id. ¶2.

c.     Dan Human does not own any equity in Timeshare Help Source, nor does he have personal knowledge who owns any equity or how it was or was not divided. Id. at ¶ 3.

d.     Dan Human did not make, nor direct anyone to make, any phone calls to any of the numerous telephone numbers owned by the Plaintiff. Id. at ¶ 4.

e.     Dan Human does not live within the geographical boundaries of this Court's direct jurisdiction. For example, Mr. Human he lives in excess of 887 miles from the Courthouse, and has nor no relevant or material information to provide to this Court beyond what is stated infra.

f.     Dan Human will endure severe financial hardship if compelled to attend a hearing in Philadelphia, Pennsylvania, 887 miles from his residence, in that he does not have the financial means to purchase a plane ticket, rental car, Uber, meals, and/or a hotel room

## III.     <u>Additional Information Requested</u>

As this Court has been duly advised, Timeshare Help Sources is preparing to file for Chapter 7 bankruptcy protection and the office is closed. In fact, the company engaged a

bankruptcy attorney to file a chapter 7 petition and that the company offices are being closed as of last week. The engagement letter is forthcoming and will be provided to this Court as soon as it is made available. It would constitute a severe financial hardship for the above affiant to be forced by this Court, against his will, to travel to the City of Philadelphia, rent a car, pay for a hotel room, and appear in a case for which he is not a party, nor has any relevant information to provide.

## IV.   The July 19, 2022 Order is void Ab Initio and Unenforceable Venue is

### A.  Forum Non Conveniens.

An order requiring a non-party witness to appear in a case over 800 hundred miles from his residence has been determined many times in favor of defectiveness and unenforceability. Indeed, as governed by Fed.R.Civ.P. 45, a Court cannot compel or command a non-party to travel more than 100 miles "to attend a trial, hearing, or deposition." Id. Rule 45(c)(1). As this Rule makes perfectly clear, a Court cannot force witnesses, including current or former corporate officers, to travel extensive distances for a hearing, and only maintains jurisdiction to compel attendance these specifics conditions where the witness is:

"(A)   within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B)   within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)   is a party or a party's officer; or

(ii)   is commanded to attend a trial and would not incur substantial expense these extensive reviewing an order requiring."

*See* Rule 45(c)(A)(B)(i)(ii).

The Court's July 19, 2022 Order ignores the limitations of its jurisdiction, in that even if Dan Human was a current corporate officer, which he is not, the Court could only compel his attendance in his own state. Thus, whether an officer of a party or not, under Rule 45(c) a person cannot be compelled to travel more than 100 miles to attend at trial if the place of trial is not in the state where the witness resides, is employed, or regularly transacts business in person." *Havens v. Maritime Communications/Land Mobile,* LLS, 2014 WL 2094035 (E.D. New Jersey 2014). This is equally applicable to a case conference.

a.     **Alternative Suggestion to the Order—Renewed Motion to Dismiss/Transfer**

Although this Court previously declined to transfer this case to its proper venue for this reason, we have now come to a point where non-party, unwilling witnesses cannot be compelled to attend. In analyzing the issue of proper venue in the context of the federal doctrine of *forum non conveniens*, for example, courts have looked to various factors relating to the private interest of the litigants and the public interest in the fall and efficient administration of justice. See *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1988). These factors include:

- The convenience of the witnesses;

- The location of relevant documents and the relative ease of access to sources of proof;

- The convenience of the parties;

- The locus of operative facts;

- The availability of process to compel the attendance of *unwilling witnesses*;

- The costs of obtaining attendance of witnesses;

- The relative means of the parties;

- A forum court's familiarity with the governing law;

- The weight accorded a plaintiff's choice of forum;

- Trial efficiency and the interests of justice;

- Possibility of affording the trier of fact an opportunity to view the location of the actions giving rise to the claim;

- The practical problems that make trial of a case easy, expeditious and inexpensive;

- The congestion of the dockets of the relevant district courts; and

- The desire not to impose the burden of jury service on the people of a community which has no relation to the litigation.

_Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas_, 571 U.S, 49, 62 n.6 (2013); _Stewart Org., Inc. v. Ricoh, Inc._, 487 U.S. 22, 30 (1988); _Manuel v. Convergys Corp._, 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005) (citing _Gibbs & Hill, Inc. v. Harbert Int'l, Inc._, 745 F. Supp. 993, 996 (S.D.N.Y. 1990)); _P & S Bus. Mach., Inc. v. Canon USA, Inc._, 331 F. 3d 804, 807-08 (11th Cir. 2003).

"Section 1404(a) is merely a codification of the doctrine of _forum non conveniens_ for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." _Atl. Marine Const. Co., Inc._, 571 U.S. at 60; _Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp._, 549 U.S. 422, 430 (2007) (noting that 1404(a) provides for transfer of a case "when a sister federal court is the more convenient place for trial of the action"). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." _Van Dusen v. Barrack_, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). There "is a 'long-approved practice of permitting a court to transfer a

case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. 1404(a) ""'" *Tazoe v. Airbus, S.A.S.*, 631 F. 3d 1321, 1336 (11th Cir. 2011).

Clearly, all the above factors favor venue lying in the Eastern District of Missouri for Time Share Help Source. TimeShare Help Source's former employees, who will almost be certainly called as witnesses, reside in and around St. Louis Missouri, and in Colorado Springs, Colorado. All of TimeShare Help Source's documents and records relevant to this case, which will be evidence at any trial in this matter, if one occurs after the eminent bankruptcy filing, were previously maintained in TimeShare Help Source's former headquarters at 1610 Des Peres Road, St. Louis, MO 63131, and 525 N. Cascade Ave, in Colorado Springs, CO.. With access to TimeShare Help Source's former headquarters, a trier of fact would be afforded an opportunity to view the location of the actions allegedly giving rise to the claim.

Of course, a court must consider a plaintiff's choice of forum. See *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). In the case at bar, however, venue in Pennsylvania lacks any degree of logic and this Court should remain mindful that "the degree of deference given to a plaintiff's forum choice varies with the circumstances." *Iragorri v. United Techs. Corp.*, 274 F. 3d 65, 71 (2d Cir. 2001). In a case "[w]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods, Inc.*, 617 F. Supp.8, 10 (S.D. Fla. 1985); *see also Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979) (noting that "it is absolutely clear that Congress did not intend to provide for venue at the *residence of the plaintiff or to give that party an unfettered choice among a host of different districts*")(*emphasis added*). For the reasons outlined above, none of the operative facts underlying the Plaintiff's claims occurred in the Eastern District of Pennsylvania, they allegedly occurred in Missouri or

Colorado, which has yet to be determined. Thus, the Plaintiffs' choice of forum is entitled to "less than normal deference."

When venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could been brought." 28 U.S.C. 1406(a); see *Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018). Furthermore, 28 U.S.C. 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S. C. 1404(a). Given the above, as an alternative to the July 19, 2022 Order, this Court should transfer the case to the federal court for the Eastern District of Missouri, where 99.9% of the witnesses are located. It is interesting to note that Mr. Perrong appears to have unlimited financial means to travel and would not endure any hardship if this case were transferred to the District Court in St. Louis, Missouri.[1]

**b.    Improper Venue.**

Defendant reasserts that venue in the District Court of Pennsylvania has always been improper. Venue for this action is governed by 28 U.S.C. §1391(b), which provides in relevant part:

(b) Venue in general. – A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

---

[1] Mr. Perrong alleged to the Court and Defense Counsel that he traveled back from Italy to attend the June 29, 2022 hearing. Additionally, the Plaintiff, a recognized recreational/career litigant, is believed to have earned in excess of a million dollars tax free from the TCPA suits he regularly files in his business model, and thus enduring the travel expenses of this litigation would constitute no hardship for either he or his counsel.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …

In the instant case, the Plaintiff did not bring this action in "a judicial district in which any defendant resides" because the Defendants are not residents of Pennsylvania. According to Plaintiff's Complaint, the Defendant resides in a state other than Pennsylvania. [ECF No. 1, p. 3]. Time Share Help Source, LLC, for example, is incorporated in Colorado, with its principal place of business is in Colorado Springs, Colorado. THS likewise has an office in Missouri, with its principal place of business in St. Louis, Missouri. Furthermore, all the relevant and material witnesses to this matter reside outside the jurisdiction of this Court, and it will inflict great financial hardship for them to appear, thereby depriving the Defendant of proper access to the Court and a defense. By contrast, the Plaintiff is the only party to this suit at the present time and as a recreational litigant, this should not inflict any hardship, whatsoever, to make appearances in the United States District Court for the Eastern District of Missouri. Thus, the venue of this case should be moved to the United States District Court of the Eastern District of Missouri.

Plaintiffs' claim for venue in the Eastern District of Pennsylvania is based on a threadbare allegation that "all the calls at issue were made into this district." [ECF No. 1, p. 3]. Even assuming *arguendo* the veracity of Plaintiffs claim, its venue-related allegation that "the calls were made into this District," is insufficient to survive a challenge for dismissal or for a change of venue. Indeed, the Plaintiff has made no specific allegations that any events occurred in the Eastern District of Pennsylvania by THS, or that the alleged callers resided in Pennsylvania when the calls were allegedly made. The Plaintiff's most detailed allegation, which is patently false on its face, concerns Time Share Help Source's alleged use of auto dialers to generate leads and accesses phones on the no call list in violation of the TCPA. [ECF No. 1, pp.

4]. The Plaintiff opines that "Defendants operate websites that are freely accessible from Pennsylvania and target consumers in the State of Pennsylvania." [ECF No. 1, p. 3]. Federal courts have repeatedly held that advertising on a website, like that complained of on Time Share Help Source's website, is insufficient to establish venue. *Glazier Grp., Inc. v. Mandalay Corp.,* No. CIV. A. H-062752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007). Further, a defendant's "mere affiliation with [a] website is insufficient to support a finding of a substantial connection….. for purposes of venue under 1391(b)(2) ." *Texas Roadhouse, Inc v. Texas Corral Restaurants, Inc.,* No. 1:13-CV-882, 2016 WL 232407, at *3 (W.D. Mich. Jan. 20, 2016). Thus, the Complaint fails to make sufficient allegations to establish that venue is proper in the Middle District of Pennsylvania and must be dismissed forthwith.

## V.    **Conclusion**

Dan Human is a non-party, former employee who resides more than 800 miles from this Court, and therefore according to Rule 45, et seq., cannot be compelled to travel to a Pennsylvania Court. Therefore, the Courts Order of July 19, 2022, directing him to travel and appear in this case is unenforceable. Alternatively, if the Court revisits this matter, it is elementary that venue is improper in the Middle District of Pennsylvania and should be transferred to the Eastern District of Missouri where the Defendant, and the overwhelming majority of former employee witnesses reside.

WHEREFORE, Dan Human respectfully requests that this Court withdraw or set aside its previous order directing him to appear at his own expense, or alternatively, this case be transferred to the United States District Court for the Eastern District of Missouri, and such other relief as this Court deems appropriate.

Respectfully submitted,

Arthur D. Goldman, Esquire
Atty. I.D. 56983
P.O. Box 115
Paoli, PA 19301
(484). 343-2856
agoldman@arthurgoldmanlaw.com
Attorney for Defendant

Dated: August 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2022, that Dan Human's objections, or alternative for change of venue has been served upon the following persons by the following means:

### VIA ELECTRONIC FILING AND FIRST CLASS MAIL

Jeremy C. Jackson
Bower Law Associates, PLLC
403 South Allen Street
Suite 210
State College, PA 16801

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Arthur D. Goldman, Esquire
Atty. I.D. 56983
P.O. Box 115
Paoli, PA 19301
(484). 343-2856

August 1, 2022

11