August 22, 2022

Clerk of the Court
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

      RE: Perrong v. THS, et al., No. 2:22-cv-1085

Dear Clerk:

Enclosed, please find a response to Plaintiffs motion for sanctions, and motion to dismiss, which attached declaration.

Please file this on my behalf and advise me when a ruling is made.

Cordially,


Dan Human
1610 Des Peres Rd, #150
Des Peres, Mo. 63131

Encl: motion/declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW PERRONG** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **TIMESHARE HELP SOURCE, LLC** | : | NO. 2:22-cv-0185 |
| | : | |
| Defendant | : | |
| | : | |

### PRO SE RESPONSE OF DAN HUMAN TO PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION TO DISMISS

Comes Now Dan Human, pro se, and engages this litigation for the limited purpose of filing this response to Plaintiff's motion for sanctions and to file his motion to dismiss contesting this Court's subject matter or in personam jurisdiction, as well as the lack of appropriate venue. That stated, Mr. Human moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(3), 20, and 21, to deny this frivolous motion for sanctions and to dismiss this case for lack of subject matter jurisdiction and improper venue, or alternatively that it be transferred to the United States District Court for the Eastern District of Missouri. In support Dan Human states as follows:

I.      Background

The Plaintiff Andrew Perrong alleges that Timeshare Help Source, a Colorado Limited Liability Company, made unsolicited telemarketing calls to one of his ten residential telephone numbers listed in his, his wife, and his attorney's illegal business model to exploit the TCPA and the National Do Not Call Registry protections.

II.      Facts Mandating Denial of Motion for Sanction and for Dismissal for Lack of

1

In Personam Jurisdiction Over Dan Human

1.    **The Plaintiff chose the venue in this case** and now seeks sanctions against a then non-party for failing to attend a hearing over 800 miles from his place of residence, because counsel allegedly had to travel to the hearing and incurred expenses. Perrong's business partner and attorney Paronich allegedly lives in Massachusetts, which again was Perrong's choice.

2.    For the reasons below, and because Counsel and Perrong chose the venue, they cannot recover expenses from a non-party for refusing to attend a hearing more than 800 miles away from his residence and home state.

III.    Undisputed Facts

3.    I am not an employee of Timeshare Help Source. Human Affidavit at ¶1.

4.    I have never been a paid employee of Timeshare Help Source. Affidavit at ¶2.

5.    I am not, nor have I ever been a corporate officer of Timeshare Help Source, and I have never owned equity in this company, nor do I know who does. Human Affidavit at ¶3.

6.    I have never personally controlled, enforced, nor promulgated the corporate policy of Timeshare Help Source, nor supervised anyone who has. Human Affidavit at ¶4.

7.    I did not make or direct any calls to be made to the Plaintiff, his wife, or his mother, who have all been parties to this scheme at one point or another, as has his attorneys, Anthony Paronich and Jeremy Jackson, nor any of the calls alleged in ¶12 of the first amended complaint. Affidavit at ¶5.

8.    I did not select or approve any scripts being made as alleged by the Plaintiff, nor have I ever approved call center operations for Timeshare Help Source. Affidavit at ¶6.

9.    I have never personally, on any occasion, supervised the marketing conduct,

payment, and performance metrics for any call center in my entire career, nor is there a scintilla of evidence that I ever have. Affidavit at ¶7.

10.     I have never personally supervised the operation, or the marketing partners allegedly hired by Timeshare Help Source, nor did I authorize or supervise "any other telemarketing conduct of Timeshare Help Source. Affidavit at ¶8.

11.     I am a resident of Missouri and is not within this Court's personal, jurisdictional, or supervisory control, as he resides over 887 miles from this Court and has never done business in Pennsylvania.

12.     The Plaintiff does not possess a scintilla of evidence that I have participated in the threadbare allegations set forth in his false and fraudulent first amended complaint, nor has he met the heightened pleading requirements set forth by the United States Supreme Court in *Iqbal*, supra. Indeed, all evidence is to the contrary and this is a suit being maliciously prosecuted against a non-party private citizen who has no supervisory control or interest in this company, predicated upon Perrong and his Attorneys' fraud on this Court and attempt to shake down non-complicit citizens.[1]

13.     As a private party I had a right according to my understanding of the law to object to the Court order directing me to travel to Pennsylvania at my own expense, which I did.

14.     The Court agreed with my objection and canceled the hearing, and no longer sought my appearance, in that the Court cannot compel or order me to travel over 800 miles to a

---

[1] Contemporaneously with the filing of this motion, Human will also be filing bar complaints against Perrong, a law student, and his attorneys, Andrew Baronich, and sponsoring attorney Jeremy Jackson, setting forth this illegal business model and the scheme they have engaged in to abuse and squander the precious resources of this Court in order to harass, humiliate and to deliberately cause undue harm and enormous costs to innocent non-complicit private parties.

hearing where I was not even a party to the suit.

Based on the threadbare allegations of this first Amended complaint, it must be dismissed for failing to state a claim upon which relief can be granted. Or alternatively, this case must be transferred to the Court of proper venue, in that no Defendant is within the immediate jurisdiction or venue of this Court.

## III.   THE COURT CANNOT ORDER HUMAN TO TRAVEL TO PENNSYLVANIA AT HIS OWN EXPENSE, AS IT VIOLATES THE DOCTRINE OF FORUM NON CONVENIENS.

An order requiring a former employee, party or witness to appear in a case over 800 hundred to 1,200 miles from their residence has been determined many times in favor of defectiveness and unenforceability. Indeed, as governed by Fed.R.Civ.P. 45, a Court cannot compel or command a party, even corporate officers, to travel more than 100 miles "to attend a trial, hearing, or deposition." Id. Rule 45(c)(1). As this Rule makes perfectly clear, a Court cannot force witnesses, including current or former corporate officers, to travel extensive distances for a hearing, and only maintains jurisdiction to compel attendance these specifics conditions where the witness is:

"(A)   within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B)   within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)   is a party or a party's officer; or

(ii)    is commanded to attend a trial and would not incur substantial expense these extensive reviewing an order requiring."

*See* Rule 45(c)(A)(B)(i)(ii).

The Plaintiff's choice of venue, and the Court's abuse of discretion allowing venue to improperly lie in Pennsylvania, ignores the limitations of its jurisdiction, in that even if Human and Balderas were corporate officers, which they are not, nor have they ever been, the Court could only compel their attendance in their own state. Thus, whether an officer or a party, under Rule 45(c), a person cannot be compelled to answer or travel more than 100 miles to attend at trial if the place of trial is not in the state where the witness resides, is employed, or regularly transacts business in person." *Havens v. Maritime Communications/Land Mobile,* LLS, 2014 WL 2094035 (E.D. New Jersey 2014). This is equally applicable when considering a motion to amend a petition to include non-officers of a limited liability company who reside all over the country. Perrong's motion for sanctions is frivolous.

b.    Alternative Suggestion to the Motion to Amend the Complaint

Although this Court previously declined to transfer this case to its proper venue, we have now come to a point where non-party, and proposed non-officer parties are unwilling witnesses and cannot be compelled attend or answer. In analyzing the issue of proper venue in the context of the federal doctrine of *forum non conveniens,* for example, courts have looked to various factors relating to the private interest of the litigants and the public interest in the fall and efficient administration of justice. See *Gulf Oil v. Gilbert,* 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1988). These factors include:

- The convenience of the witnesses.

5

- The location of relevant documents and the relative ease of access to sources of proof;

- The convenience of the parties;

- The locus of operative facts;

- The availability of process to compel the attendance of _unwilling witnesses_;

- The costs of obtaining attendance of witnesses;

- The relative means of the parties;

- A forum court's familiarity with the governing law;

- The weight accorded a plaintiff's choice of forum;

- Trial efficiency and the interests of justice;

- Possibility of affording the trier of fact an opportunity to view the location of the actions giving rise to the claim;

- The practical problems that make trial of a case easy, expeditious and inexpensive;

- The congestion of the dockets of the relevant district courts; and

- The desire not to impose the burden of jury service on the people of a community which has no relation to the litigation.

_Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas_, 571 U.S, 49, 62 n.6 (2013); _Stewart Org., Inc. v. Ricoh, Inc._, 487 U.S. 22, 30 (1988); _Manuel v. Convergys Corp._, 430 F. 3d 1132, 1135 n. 1 (11th Cir. 2005) (citing _Gibbs & Hill, Inc. v. Harbert Int'l, Inc._, 745 F. Supp. 993, 996 (S.D.N.Y. 1990)); _P & S Bus. Mach., Inc. v. Canon USA, Inc._, 331 F. 3d 804, 807-08 (11th Cir. 2003). Perrong is the only party living in Pennsylvania and for the Court to allow him to forum shop venue in this District Court is manifestly unjust.

"Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co., Inc.*, 571 U.S. at 60; *Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (noting that 1404(a) provides for transfer of a case "when a sister federal court is the more convenient place for trial of the action"). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). There "is a 'long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. 1404(a) '""' *Tazoe v. Airbus, S.A.S.*, 631 F. 3d 1321, 1336 (11th Cir. 2011)

Clearly, all the above factors favor denying the motion to amend the complaint to include non-officers of a defunct limited liability company, and venue lying in the Eastern District of Missouri for Time Share Help Source or the District Court of Colorado. Timeshare Help Source's former employees, who will almost be certainly called as witnesses, reside in and around St. Louis Missouri, and in Colorado Springs, Colorado and Texas. All of Timeshare Help Source's documents and records relevant to this case, which will likely be evidence at any trial in this matter, if one occurs after the eminent bankruptcy filing, were previously maintained in TimeShare Help Source's former headquarters at 1610 Des Peres Road, St. Louis, MO 63131, and 525 N. Cascade Ave, in Colorado Springs, Colorado. Both offices have also been closed as of this date. With access to TimeShare Help Source's former headquarters, a trier of fact would be afforded an opportunity to view the location of the actions allegedly giving rise to the claim. Failure to do so violates proper access to the Court and a defense for Timeshare Help Source.

7

As a matter of law, a court must consider a plaintiff's choice of forum. See *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). In the case at bar, however, venue in Pennsylvania lacks any degree of logic and this Court should remain mindful that "the degree of deference given to a plaintiff's forum choice varies with the circumstances." *Iragorri v. United Techs. Corp.*, 274 F. 3d 65, 71 (2d Cir. 2001). In a case "[w]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods. Inc.*, 617 F. Supp.8, 10 (S.D. Fla. 1985); *see also Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979) (noting that "it is absolutely clear that Congress did not intend to provide for venue at the ***residence of the plaintiff or to give that party an unfettered choice among a host of different districts***")(***emphasis added***). For the reasons outlined above, none of the operative facts underlying the Plaintiff's claims occurred in the Eastern District of Pennsylvania. They allegedly occurred in Missouri or Colorado, and now Perrong also alleges Texas. Thus, the Plaintiffs' choice of forum is entitled to "less than normal deference." Id.

When venue is improper, the district court "***shall dismiss***, or if it be in the interest of justice, transfer such case to any district or division in which it could been brought." 28 U.S.C. 1406(a); see *Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018). Furthermore, 28 U.S.C. 1404 provides: "[f]or the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S. C. 1404(a). Given the above, this Court should transfer the case to the federal court for the Eastern District of Missouri, where 99.9% of the witnesses are located. It is interesting to note that Perrong and his attorney appear to have unlimited financial means to

travel and would not endure any hardship if this case were transferred to the District Court in St. Louis, Missouri.[2] This is mandatory language directing the dismissal of this case.

### c.    Improper Venue.

Defendant reasserts that venue in the District Court of Pennsylvania has always been improper. Venue for this action is governed by 28 U.S.C. §1391(b), which provides in relevant part:

(b) Venue in general. – A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …

In the instant case, the Plaintiff did not bring this action in "a judicial district in which any defendant resides" because the Defendants are not residents of Pennsylvania. According to Plaintiff's Complaint, Human, Balderas and THS all reside in a state other than Pennsylvania. [ECF No. 1, p. 3]. Time Share Help Source, LLC, for example, is limited liability company registered in Colorado, with its principal place of business is in Colorado Springs, Colorado. THS likewise had an office in Missouri, with its principal place of business in St. Louis,

---

[2] Mr. Perrong alleged to the Court and Defense Counsel that he traveled back from Italy to attend the June 29, 2022, hearing. Additionally, the Plaintiff, a recognized recreational/career litigant by this Court, is believed to have earned more than a million dollars tax free from the TCPA suits he regularly files in his business model, and thus enduring the travel expenses of this litigation would constitute no hardship for either he or his counsel.

Missouri. Furthermore, all the relevant and material witnesses to this matter reside outside the jurisdiction of this Court, and it will inflict great financial hardship for them to appear, thereby depriving all Defendants proper access to the Court and a defense. By contrast, the Plaintiff is the only party to this suit at the present time and as a recreational litigant, this should not inflict any hardship, whatsoever, to make appearances in the United States District Court for the Eastern District of Missouri. Thus, venue of this case should be moved to the United States District Court of the Eastern District of Missouri.

Plaintiffs' renewed claim for venue in the Eastern District of Pennsylvania is based on a threadbare allegation that "all the calls at issue were made into this district." [ECF No. 1, p. 3]. Even assuming *arguendo* the veracity of Plaintiffs claim, its venue-related allegation that "the calls were made into this District," is insufficient to survive a challenge for dismissal or for a change of venue. Indeed, the Plaintiff has made no specific allegations that any events occurred in the Eastern District of Pennsylvania by THS, Human or Balleras, or that the alleged callers resided in Pennsylvania when the calls were allegedly made. The most detailed allegation, which is patently false on its face, concerns Time Share Help Sources alleged use of auto dialers to generate leads and accesses phones on the no call list in violation of the TCPA. [ECF No. 1, pp. 4]. The Plaintiff opines that "Defendants operate websites that are freely accessible from Pennsylvania and target consumers in the State of Pennsylvania." [ECF No. 1, p. 3]. Federal courts have repeatedly held that advertising on a website, like that complained of on TimeShare Help Source's website, is insufficient to establish venue. *Glazer Grp., Inc. v. Mandalay Corp.,* No. CIV. A. H-062752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007). Further, a defendant's "mere affiliation with [a] website is insufficient to support a finding of a substantial connection..... for purposes of venue under 1391(b)(2) ." *Texas Roadhouse, Inc v. Texas Corral*

*Restaurants, Inc.*, No. 1:13-CV-882, 2016 WL 232407, at *3 (W.D. Mich. Jan. 20, 2016). Thus, the Complaint fails to make sufficient allegations to establish that venue is proper in the Middle District of Pennsylvania and must be dismissed forthwith.

III.    Conclusion

Dan Human did not direct, control, supervise, or make any calls to Perrong.  Dan Human and Eduardo Balderas were not, at any time whatsoever, corporate officers and did not direct, control, or cause the alleged calls to be made to Perrong. In fact, neither did Human or Balderas control, enforce, or promulgate policy for THS, and they both reside about 1,000 miles from this Court. Therefore, according to Rules 12(b) and 45, et seq., they cannot be compelled to travel to a Pennsylvania Court. Therefore, the Courts should deny this frivolous motion for sanctions and dismiss the improper amended complaint, and it should end this fishing expedition by Perrong. Alternatively, if the Court revisits this matter, it is elementary that venue is improper in the Middle District of Pennsylvania and should be transferred to the Eastern District of Missouri where Dan Human and all potential witnesses reside.

*WHEREFORE*, Dan Human, a private citizen, respectfully requests that this Court deny the motion for sanctions; that the Court dismiss the case, or that the case be transferred to the United States District Court for the Eastern District of Missouri, and such other relief as this Court deems appropriate.

Respectfully submitted,

Dan Human
1610 Des Peres Rd., 150
St. Louis, Mo. 63131

Pro Se

11

Dated: August 22, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022, Dan Human's response to the motion for sanctions and his motion to dismiss or for change of venue has been served upon the following persons by the following means:

**VIA FIRST CLASS MAIL**

Jeremy C. Jackson
Bower Law Associates, PLLC
403 South Allen Street
Suite 210
State College, PA 16801

Dan Human

August 22, 2022.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW PERRONG | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TIMESHARE HELP SOURCE, LLC | : | NO. 2:22-cv-0185 |
| | : | |
| Defendant | : | |
| | : | |

## DECLARATION OF DAN HUMAN

Comes Now Dan Human, pro se, and in accord with 28 U.S.C. 1746, declares the following:

1.    I am not an employee of Timeshare Help Source.

2.    I have never been a paid employee of Timeshare Help Source.

3.    I am not, nor have I ever been a corporate officer of Timeshare Help Source, and I have never owned equity in this company, nor do I know who does.

4.    I have never personally controlled, enforced, nor promulgated the corporate policy of Timeshare Help Source, nor supervised anyone who has.

5.    I did not make or direct any calls to be made to the Plaintiff, his wife, or his mother, who have all been parties to this scheme at one point or another, as has his attorneys, Anthony Paronich and Jeremy Jackson, nor any of the calls alleged in ¶12 of the first amended complaint.

6.    I did not write, select or approve any scripts being made as alleged by the Plaintiff, nor have I ever approved call center operations for Timeshare Help Source.

1

7.      I have never personally, on any occasion, supervised the marketing conduct, payment, and performance metrics for any call center in my entire career, nor is there a scintilla of evidence that I did.

8.      I have never personally supervised the operation, or the marketing partners allegedly hired by Timeshare Help Source, nor did I authorize or supervise "any other telemarketing conduct of Timeshare Help Source."

9.      I am a resident of Missouri and is not within this Court's personal, jurisdictional, or supervisory control, as I reside over 887 miles from this Court and have never done business in Pennsylvania.

10.     The Plaintiff does not possess a scintilla of evidence that I have participated in the threadbare allegations set forth in his false and fraudulent first amended complaint, nor has he met the heightened pleading requirements set forth by the United States Supreme Court in *Iqbal*, supra.

11.     Indeed, all evidence is to the contrary and this is a suit being maliciously prosecuted against a non-party private citizen who has no supervisory control or interest in this company, predicated upon Perrong and his Attorneys' fraud on this Court.[1]

12.     As a private party, I have right according to my understanding of the law to object to the Courts order directing me to travel to Pennsylvania at my own expense, which I did in a timely fashion.

13.     The Court agreed with my objection and its lack of discretion in this matter and cancelled the hearing, in that the Court cannot compel or order me to travel over 800 miles to a

---

[1] Contemporaneously with the filing of this motion, I will also be filing bar complaints against Perrong, a law student, and his attorneys, Andrew Paronich, and Jeremy Jackson, setting forth this illegal business model and the scheme they have engaged in to abuse the precious resources of this Court in order to harass, humiliate and to deliberately cause undue harm and enormous costs to innocent, non-complicit private parties.

hearing where I was not even a party to the suit.

     Further Dan Human sayeth naught.

Respectfully submitted,

_____

Dan Human
1610 Des Peres Rd. #150
St. Louis, Mo. 63131

Pro se

Dated: August 22, 2022

## CERTIFICATE OF SERVICE

     I hereby certify that on August 22, 2022, Defendant's motion to dismiss or for change of

venue has been served upon the following persons by the following means:

## FIRST CLASS MAIL

        Jeremy C. Jackson
        Bower Law Associates, PLLC
        403 South Allen Street
        Suite 210
        State College, PA 16801

_____

Dan Human
1610 Des Peres Rd. #150
St. Louis, Mo. 63131

3

Dan Human
1610 Des Peres Road
#150
Des Peres, MO 63131



U.S. POSTAGE PAID
FCM LG ENV
PAOLI, PA
19301
AUG 24, 22
AMOUNT
**$1.92**
R2304M112355-16

1000          19106

Clerk of the Court
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

RECEIVED
AUG     2022